UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS R. HAMMOND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:14CV01460 AGF |
| | ) |
| PATTERSON AUTO SALES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following removal. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, as are removal statutes. *See Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992); *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002).

**BACKGROUND**

This case arises out of alleged fraud and misrepresentations in connection with the sale of a 1987 Land Rover Defender in St. Louis County. Plaintiffs initially filed suit in the Circuit Court for St. Louis County, Missouri. Plaintiffs' petition asserts state law

claims of violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020; fraud; breach of contract; negligent misrepresentation; breach of the implied warranty of fitness for a particular purpose; and breach of the implied warranty of merchantability.[1] Defendant Patterson Auto Sales, Inc. ("Patterson") removed the action to this Court on August 22, 2014, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b).

## DISCUSSION

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); *Ratermann v. Cellco P'ship*, No. 4:09 CV 126 DDN, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendants, as the parties invoking jurisdiction, bear the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Id.*

Federal district courts have diversity jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court

---

[1] Plaintiffs have voluntarily dismissed several Defendants in this case, and the only claim against the remaining Defendants is the claim for violation of the Missouri Merchandising Practices Act. (*See* Docs. No. 9, 5.)

of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

If removal is based solely on diversity of citizenship, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Additionally, "[w]here there are multiple defendants, all must join in a notice to remove within thirty days of service." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2011) (citation omitted); *see also* 28 U.S.C. § 1446(b)(2)(A). To satisfy this so-called "unanimity requirement" in the Eighth Circuit, "it is not necessary for all defendants to actually sign the notice of removal so long as there is some timely filed written indication from each served defendant that the defendant has actually consented to the removal." *Christiansen* , 674 F.3d at 932 (citation omitted).

**Citizenship of Parties**

Diversity jurisdiction requires complete diversity of citizenship, meaning "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, a complaint (or notice of removal) must include factual allegations of each party's state of citizenship. *Sanders*, 823 F.2d at 216. It is well established that an allegation of residence is not equivalent to an allegation of citizenship and does not satisfy the pleading requirements for federal diversity jurisdiction. *Id.*;

3

*Pattiz v. Schwartz*, 386 F.2d 300, 300-01 (8th Cir. 1968). "In the case of a removed action, diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (citation omitted).

A corporation's citizenship is determined by its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Unlike corporations, for purpose of diversity jurisdiction, limited liability companies do not have their own citizenship, and instead, the limited liability company's citizenship is determined by the citizenship of all of its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

With respect to the parties' citizenship, the petition alleges that "Plaintiffs are residents of Palm Beach, Florida." (Doc. No. 5 at 2.) The petition further alleges that "Defendant Patterson . . . is a company doing business in North Carolina"; "Defendant GB4x4, LLC ('GB4x4') is a company doing business in North Carolina"; and "Defendant Aaron Richardet ('Richardet') is the sole member of GB4x4." (*Id.* at 4.)

The notice of removal alleges that "Plaintiffs are citizens and residents of Palm Beach, Florida." (Doc. No. 1 at 2.) The notice of removal further states that "Patterson [Auto] . . . is . . . a corporation with its principal place of business in Wilmington, North Carolina," and "GB4x4 . . . is . . . a company doing business in North Carolina and . . . has its principal place of business is in North Carolina." (*Id.* at 3.) With respect to

4

Richardet, the notice of removal simply restates the petition's allegation that Richardet is "the sole member of GB4x4, located in North Carolina." (*Id.*)[2]

These allegations do not adequately plead the citizenship of the Defendants. Specifically, neither the petition nor notice of removal alleges the state of incorporation of Patterson. And there are no allegations regarding the citizenship of Richardet, who is named as a separate Defendant and who is the sole member of GB4x4, the limited liability company Defendant. Thus, the Court is unable to determine whether complete diversity of citizenship exists in this case or whether any Defendant is a citizen of Missouri.

**Unanimity**

It is unclear from the record whether Defendants GB4x4 and Richardet have been served in this case, and neither the notice of removal nor any other filing indicates whether these Defendants have consented to removal. Therefore, the Court is unable to determine whether the unanimity requirement has been met.

---

[2] The Court notes that the petition originally named the following additional defendants: Dean Team—Kirkwood, Mary Jinkerson, William C. Dean, Patrick C. Dean, Dean Team Automotive Group, John Does 1-4, and Jane Does 1-4. Neither the petition nor notice of removal pleads the citizenship of these Defendants. However, all of these Defendants were voluntarily dismissed by Plaintiffs pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), after this case was removed. (Doc. No. 9.) Because these Defendants have been voluntarily dismissed by Plaintiffs in this case, the Court will not consider their citizenship for purposes of determining jurisdiction. *See Knudson*, 634 F.3d at 975 (stating that when a plaintiff voluntarily dismisses a diversity-destroying defendant, a defendant may remove a case to federal court); *Caterpillar v. Lewis*, 519 U.S. 61, 73 (1996) (holding that notwithstanding lack of complete diversity at time of removal, plaintiff's settlement with and dismissal of non-diverse defendants before trial allowed diversity to become complete for purposes of subject matter jurisdiction).

**Amount in Controversy**

Federal courts must strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "The preponderance of the evidence standard requires a defendant to demonstrate by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional amount." *City of Univ. City, Mo. v. AT & T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 932 (E.D. Mo. 2004) (citation omitted). Specific facts or evidence are required to demonstrate that the jurisdictional amount is met. *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).

Plaintiffs' petition requests a judgment "in an amount that is fair and reasonable, for additional award of punitive damages and attorney's fees, for costs, and for any other relief that to the Court seems proper." (Doc. No. 5 at 10.) In its notice of removal, Patterson cites the allegations of Plaintiffs' petition and merely states that "[h]ere, given the allegations of fraud and punitive damages, the jurisdictional amount is met." (Doc. No. 1 at 4.) The Court finds that this assertion does not meet Defendant's burden to offer specific facts or evidence to establish by a preponderance of the evidence that an amount in excess of $75,000 is actually in controversy.

## **CONCLUSION**

Based on the foregoing, the Court cannot determine whether it has subject matter jurisdiction over this action. The Court will grant Defendant Patterson until November 26, 2014 to file an amended notice of removal to allege jurisdictional facts establishing complete diversity of citizenship and consent to removal by all Defendants who have been properly joined and served. *See* 28 U.S.C. § 1653. Patterson shall also file a separate memorandum, including citation to supporting authority or evidence, to establish the existence of the jurisdictional amount in controversy. Plaintiffs shall have the opportunity to respond. Patterson's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **November 26, 2014**, Defendant Patterson shall file:

1. An amended notice of removal, to allege jurisdictional facts establishing complete diversity of citizenship and consent to removal by all Defendants who have been properly joined and served.

2. A memorandum in support of the amended notice of removal, including specific facts or evidence, to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.

Patterson's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs may file a response no later than **seven days** after the amended notice of removal and memorandum are filed.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2014